UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE WILSON, *Plaintiff* | § § § | |
| v. | § § | No.  1:25-CV-887-ADA |
| TRAVIS COUNTY, TEXAS, ET AL., *Defendants* | § § § § § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Travis County, Texas, Joe Nichols, Mike Lumus, and Velva L. Price's ("Travis County Defendants") motion to dismiss, Dkt. 3, Defendant City of Lakeway's (together with the Travis County Defendants, "Defendants") motion to dismiss, Dkt. 7, Plaintiff Kenneth Wayne Wilson's motion to file a sur-reply, Dkt. 14, and all related briefing. After reviewing these filings and the relevant case law, the undersigned will deny Wilson's motion for leave to file a sur-reply and recommend that the District Judge grant the motions to dismiss.

### I. BACKGROUND

Plaintiff Kenneth Wayne Wilson brings this lawsuit under sections 1983 and 1988 based on alleged violations of, and conspiracy to violate, his First, Fourth and Fourteenth Amendment rights arising from the execution of a search warrant at Wilson's home in 2016. Dkt. 1, at 7-8, 19-37. Wilson alleges that he was at home at the time of the search and that officers explained to him that the search warrant was

1

being executed in connection with a criminal investigation involving Wilson's son. *Id.* at 8. In 2024, a different adult son of Wilson's came across a copy of the search warrant on the state court's public docketing system and alerted Wilson that Wilson's name appeared as a defendant in the matter. *Id.* 9. Wilson alleges that the officers did not share a copy of the search warrant with him at the time of the search and that he did not "have any reason or occasion to inquire about the existence of such affidavit [in support of the warrant] in the ordinary course of living his life." *Id.* at 10-11.

Wilson now brings this lawsuit challenging both the propriety of the search warrant itself and the identification of Wilson as a defendant in the criminal matter in the court docketing system. *Id.* at 11-15. Perhaps in anticipation of Defendants' challenge to Wilson's claims as time-barred, Wilson alleges that the doctrines of equitable tolling and the discovery rule apply to his claims because he did not become aware of his identification as a defendant in the court docketing system until 2024 and because of "the inherently undiscoverable nature of the constitutional injury and the ongoing reputational harm stemming from being falsely and publicly identified as a criminal defendant." *Id.* at 15-16. Based on these allegations, Wilson brings claims against Defendants for violations of his constitutional rights and conspiracy to violate those rights, as well as state-law claims for intentional infliction of emotional distress, fraudulent concealment, and defamation. *Id.* at 19-37. The Travis County Defendants and the City of Lakeway each moved to dismiss Wilson's claims, arguing that they are barred by the applicable statute of limitations and otherwise

2

fail on the merits. *See* Dkts. 3; 7. Wilson filed a consolidated response, and Defendants filed replies. Dkts. 9; 12; 13.[1]

## II.   LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[1] Wilson also moved for leave to file a sur-reply, arguing that Defendants raised new arguments and authorities in their replies that merit allowing Wilson to file additional briefing. Dkt. 14. Sur-replies are highly disfavored and are permitted only in exceptional or extraordinary circumstances. *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. June 8, 2001). Because the Defendants' replies "merely restate[] the arguments made in the part[ies'] initial [motions]," the undersigned **DENIES** Wilson's motion for leave to file a sur-reply, Dkt. 14. *Lombardi v. Bank of Am.*, No. 3:13-cv-1464-O, 2014 WL 988541, at *3 (N.D. Tex. 2014) ("Leave to file a surreply is unwarranted ... where the proposed surreply merely restates the arguments made in the party's initial response.").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

#### A.   Wilson's federal claims against the Travis County Defendants are time-barred.

The Travis County Defendants moved to dismiss Wilson's claims against them based on the expiration of the statute of limitations, as well as Defendants Lumas, Price, and Nichols's entitlement to qualified immunity on any individual-capacity

4

claims against them. Dkt. 3, at 4-11. Wilson responds that his claims are timely because he did not discover that he was listed as a "defendant" on the copy of the search warrant available in the court's docketing system until 2024, and that "[u]ntil that point, the record remained undiscoverable and inaccessible to [Wilson]." Dkt. 8, at 7. Wilson otherwise insists that he has sufficiently pleaded his claims against the Travis County Defendants. *See id.*

Wilson's federal claims against the Travis County Defendants are all barred by the applicable statute of limitations, regardless of whether they challenge the procurement and execution of the 2016 search warrant or his 2024 discovery that he appears as a "defendant" on the online copy of the search warrant accessible in the state court's online docketing system. Nor has Wilson offered any viable basis for tolling the limitations period as to these claims. Wilson brought First, Fourth, and Fourteenth Amendment claims against the Travis County Defendants, claiming that the search of his home in 2016 was unlawful; involved an unlawful seizure and the use of excessive force; and led to the initiation of false, malicious, and retaliatory criminal charges against Wilson. Dkt. 1, at 19-22, 23-24.[2] Wilson also brought civil-conspiracy claims against the Travis County Defendants under sections 1983 and 1988 based on the procurement and execution of the search warrant. *Id.* at 22. Finally, Wilson brought a *Monell* claim against Travis County based on theories of

---

[2] The undersigned notes, however, that Wilson does not claim that he was ever formally charged or prosecuted with any crime in connection with the execution of the 2016 search warrant. *See* Dkt. 1.

unconstitutional policies, customs, or practices and failure to train relating to the propriety of the search warrant. *Id.* at 25-28.

In addition to his claims seeking redress for injuries stemming from the procurement and execution of the 2016 search warrant, Wilson also brought certain federal claims arising from the state-court docketing system's copy of the 2016 search warrant listing him as a defendant. Dkt. 1, at 15, 17-18, 22. Wilson brought a defamation claim under Section 1983 against the Travis County Defendants based on the incorrect listing of his name next to "defendant" in the online record of the search warrant. Dkt. 1, at 15, 17-18, 22. Liberally construed, Wilson also brings claims for violations of his First Amendment rights, civil conspiracy under section 1983 and 1988, and *Monell* liability against the Travis County Defendants based on the error in the online version of the search warrant in listing Wilson as a defendant in that matter. *Id.* at 17-30.

Section 1983 does not contain its own applicable statute of limitations. Rather, "federal courts borrow the forum state's general personal injury limitations period." *Piotrowski v. City of Hou.*, 51 F.3d 512, 515 n.5 (5th Cir. 1995). Texas has a two-year statute of limitations for personal-injury claims. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Lander v. JPMorgan Chase Bank Nat'l Ass'n*, No. 421CV00353ALMCAN, 2022 WL 838376, at *5 (E.D. Tex. Feb. 24, 2022) ("The same statute of limitations that applies to § 1983 claims brought against individuals also applies to *Monell* claims."), *report and recommendation adopted*, No. 4:21-CV-353, 2022 WL 829330 (E.D. Tex. Mar. 18, 2022); *Harris v. Rivera*, No. 3:11-CV-3013-D, 2013 WL 246709, at

6

\*8 (N.D. Tex. Jan. 23, 2013) ("Plaintiffs' § 1983 conspiracy claim is also governed by a two-year statute of limitations."). Federal law, however, determines when the limitations period begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "The limitations period begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (internal quotations omitted). A plaintiff gains such an awareness when he obtains "the critical facts that he has been hurt and who has inflicted the injury[.]" *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) (internal citation omitted).

With regard to Wilson's claims regarding the propriety of the search warrant itself, Wilson alleges that he was present at his home at the time the search warrant was executed in 2016 and suffered injuries as a result of its execution at that time. Dkt. 1, at 8. Wilson thus became aware of the facts that would support any claim arising from the procurement or execution of the warrant in 2016, even if the officers did not provide him with a copy of the search warrant at the time of its execution. *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 576) (noting that limitations period begins to run once the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."); *Lander*, 2022 WL 838376, at \*5 ("A plaintiff need not know that he has a legal cause of action; he need know only the facts that would ultimately support a claim."). Wilson's federal claims arising from his discovery in 2024 that his name was listed as a "defendant" on the 2016 search warrant, as it

appears in the state court's docketing system, are also barred by the applicable statute of limitations since Wilson could have accessed the search warrant in 2016 when he claims to have initially been injured by the execution of the warrant. *Moore*, 30 F.3d at 621.

Wilson's insistence that the statute of limitations be tolled under the discovery rule or the doctrine of equitable tolling is unconvincing. Dkt. 9, at 12-13. The discovery rule applies only if "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929-30 (Tex. 2011) (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36-37 (Tex. 1998)).[3] Wilson alleges that he only became aware of "Defendants['] egregious conduct, and the constitutional injury it caused" on June 10, 2024, "when [Wilson's] son encountered on Travis County Clerk of Courts Odyssey system entry erroneously designating Plaintiff as a 'Defendant.'" Dkts. 1, at 8-9; 9, at 7. Yet, Wilson himself alleged that he was present for and suffered injuries, in the form of "immediate psychological distress," during the execution of the warrant. Dkt. 1, at 8-9.

Regardless of whether Wilson was listed as a "defendant" in the court's record-keeping system, he was aware of the facts giving rise to any injury at the time of the execution of the warrant in 2016 and there was nothing "inherently undiscoverable" about his injuries resulting from the execution of the search warrant. *Ross*, 356

---

[3] "When a federal cause of action borrows a state statute of limitations, 'coordinate tolling rules' are usually borrowed as well." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)).

8

S.W.3d at 929-30; *Porter v. Charter Med. Corp.*, 957 F. Supp. 1427, 1438 (N.D. Tex. 1997) ("[T]he discovery rule contemplates discovery of the injury and does not suspend the running of the limitations period until the plaintiff discovers all the elements of a cause of action."). The discovery rule also does not apply to Wilson's claims regarding his discovery in 2024 of his erroneous listing as a "defendant" in the matter leading to the execution of the 2016 search warrant. Wilson was aware of the search warrant at the time it was executed, and nothing was "inherently undiscoverable" or "unverifiable" about the contents of the search warrant since it has been available on the state-court system's docketing website. *Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (holding that allegedly defamatory statements "published on a website owned and maintained by a federal government agency and accessible to the public without charge or subscription, are 'public knowledge' and are not inherently undiscoverable" for the purpose of application of the discovery rule); *see also Ross*, 356 S.W.3d at 930 ("The discovery rule applies only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." (internal citation omitted)).

Equitable tolling similarly does not apply to Wilson's federal claims against the Travis County Defendants. "The doctrine of equitable tolling preserves a plaintiff's claims when the strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). Equitable tolling, however, "applies only in

'rare and exceptional circumstances.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Equitable tolling requires "a showing that '(1) [a litigant] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mornes v. Valdez*, 414 F. Supp. 3d 888, 891-92 (N.D. Tex. 2019) (alteration in original) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling applies principally where the plaintiff is actively misled ... about the cause of action or is prevented in some extraordinary way from asserting his rights." *Patterson*, 211 F.3d at 930 (internal quotations omitted). Here, Wilson has offered no basis for applying the doctrine of equitable tolling to his constitutional claims arising from the procurement and execution of the search warrant given that he was present during the 2016 search of his residence, claims he was injured at that time by the search, and has not identified any "extraordinary circumstance" that prevented him from pursuing any claims arising from that search within the applicable statute of limitations. Dkt. 1, at 8; 16-17; *Mornes*, 414 F. Supp. 3d at 891-92. Equitable tolling similarly does not apply to Wilson's claims arising from this 2024 discovery of the search warrant since Wilson has not explained how, if at all, he diligently pursued his rights since 2016 when he became aware of the search warrant, was misled about the existence of the search warrant, or experienced any extraordinary circumstances that would warrant tolling as to these claims. *See* Dkt. 1; *Patterson*, 211 F.3d at 930.

  The undersigned thus finds that all of Wilson's federal claims are time-barred and should be dismissed.

**B. Wilson's federal claims against the City of Lakeway are also time-barred.**

The City of Lakeway similarly moved to dismiss Wilson's claims as time-barred by the applicable statute of limitations and for failure to "allege any specific conduct attributed to the City" that "could be the basis for a viable *Monell* lawsuit." Dkt. 7, at 3-4. Wilson argues in this consolidated response that the statute of limitations should be tolled until the date his son discovered a copy of the 2016 search warrant in the state court's docketing system in 2024 but does not otherwise address the City of Lakeway's arguments regarding the sufficiency of Wilson's claims against it. *See* Dkt. 7. Given that Wilson's federal claims against the City of Lakeway arise from the same factual allegations as his claims against the Travis County Defendants, the undersigned finds that the analysis of the application of the statute of limitations as to Wilson's claims against the Travis County Defendants applies with equal force to Wilson's claims against the City of Lakeway. Wilson's federal claims against the City of Lakeway are similarly time-barred and should be dismissed.[4]

**C. The District Judge should decline to exercise supplemental jurisdiction over Wilson's remaining state-law claims.**

Having found that Wilson has failed to state any claims for relief under federal law against Defendants, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over his state-law claims. Wilson's sole basis for

---

[4] Alternatively, the undersigned finds that Wilson has failed to state any federal claims against the City of Lakeway given that his complaint contains no specific factual allegations as to the City. *See* Dkt. 1; *Doe v. Cloverleaf Mall*, 829 F. Supp. 866, 870 (S.D. Miss. 1993) ("Where the plaintiff's complaint is devoid of any factual allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated.")

11

jurisdiction rests on the assertion of federal causes of action, and under section 1367, the Court may decline to exercise supplemental jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."); *see also Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.") (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009)).

## IV.   ORDER AND RECOMMENDATIONS

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** the Travis County Defendants' motion to dismiss, Dkt. 3, and **GRANT** the City of Lakeway's motion to dismiss, Dkt. 7. Wilson's motion for leave to file a sur-reply, Dkt. 14, is **DENIED**.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the

party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 11, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE